UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 10-20526-CR-UNGARO

UNITED STATES OF AMERICA

v.

PESCANOVA INC.,
d/b/a, PESCANOVA USA,

        Defendant.    /

## PLEA AGREEMENT

The United States of America and PESCANOVA INC., d/b/a PESCANOVA USA, (hereinafter referred to as the "defendant") enter into the following agreement:

1. The defendant agrees to waive Indictment by a Grand Jury in this matter and plead guilty to a one count Information to be filed against it, which count charges the defendant with knowingly engaging in conduct involving the sale and purchase of, or the intent to sell or purchase fish, that is frozen toothfish *(Dissostichus* spp.) with a market value in excess of $350, and did knowingly import and attempt to import, and transport said fish in foreign commerce, knowing that the fish was transported in violation of and in a manner unlawful under the Antarctic Marine Living Resources Convention Act, and the regulations issued thereunder, to wit 50 Code of Federal Regulations, Part 300, all in violation of Title 16, United States Code, Sections 3372(a)(1), (a)(4), 3373(d)(1)(B), and Title 18, United States Code, Section 2.

2. In consideration of the undertakings by the defendant herein, the United States agrees that it shall not bring further criminal charges in connection with the conduct giving rise to these proceedings based on facts known to the United States at the time of execution of this agreement.

3. The Parties agree and understand that, because the crime charged occurred after November 1, 1991, the United States Sentencing Guidelines relating to the sentencing of organizations (Chapter Eight) apply here, except to the extent that the provisions relating to the calculation and imposition of fines for wildlife crimes do not apply to the offense charged in the criminal Information.

4. The Parties agree that the statutory maximum amount of the fine which may be imposed for the charged offense is $500,000.00, or twice the gross pecuniary gain or twice the gross pecuniary loss attributable to the relevant conduct, whichever is greater, and that the sentence may include a term of probation of at least one year but not more than five years. In addition, defendant understands that the Court may order restitution to any identifiable victims of the crime, and must order defendant to pay a $400.00 mandatory special assessment, which assessment defendant agrees to pay on the day of sentencing.

5. Defendant will provide to the United States and the Court written evidence in the form of a notarized legal document certifying that defendant is authorized to plead guilty to the criminal charge as set forth in the Information, and to enter into and comply with all provisions of this Agreement. The notarized document shall further certify that the President of PESCANOVA INC., d/b/a PESCANOVA USA is authorized to take these actions and that all corporate formalities required by law applicable in such instance, including, but not limited to, approval by defendant's directors, have been observed. Defendant agrees that its President shall appear on behalf of defendant to enter the guilty plea in the Southern District of Florida and shall also appear for imposition of sentence.

6. In accordance with Federal Rule of Criminal Procedure 11(c)(1)(A) and (B), the

United States and defendant recommend that the following sentence is appropriate and should be imposed in this case:

    A.    <u>Fine</u>: The parties are free to allocute to the Court respecting the amount and propriety of a fine in this matter.

    B.    <u>Disposal of Toothfish Or Sale Proceeds</u>. Defendant, and its owners and agents agree, contemporaneous with execution of this agreement, to consent to the forfeiture of any toothfish, value of the toothfish and/or proceeds of the sale of the toothfish by the United States, in: *United States of America v. Approximately 97,781.00 Kilograms Gross Weight, More Or Less, Of Frozen Toothfish (Dissostichus Spp.)* Case No. 10-60438-CV-UNGARO. As a further condition of this agreement, defendant shall secure from Argenova, SA, its agreement to consent to forfeiture of all its right, title, and interest in the toothfish, value of the toothfish, and/or proceeds of the sale of the toothfish in the foregoing civil case in which Argenova, SA appears as a claimant. Notwithstanding this consent to forfeiture, as stated in subparagraph A, *supra*, defendant remains free to make arguments to the Court regarding the propriety of any additional criminal fine.

    C.    <u>Probation</u>: In consideration of the undertakings herein, the Parties further agree that they shall jointly recommend to the Court that no other sanctions be imposed for the conduct giving rise to these proceedings.

7.     Defendant agrees to enter an unconditional plea of guilty to the criminal Information. As a result of entering the guilty plea, Defendant expressly waives all defenses or objections to the criminal Information and reserves no future defenses or rights to appeal any decisions of the Court. Defendant further expressly agrees to waive all constitutional, statutory, common law, jurisdictional, and non-jurisdictional defects in the proceedings and/or defenses to the criminal Information, including, but not limited to, any and all pretrial motions, post-trial motions, post-sentencing motions, defenses, objections, or collateral attacks, subject, however, to paragraph 6(A), *supra*.

8.     The Office of the United States Attorney for the Southern District of Florida (hereinafter "Office") reserves the right to inform the court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses

committed, whether charged or not, as well as concerning the defendant and the defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

9. The defendant is aware that the sentence has not yet been determined by the court. The defendant also is aware that any estimate of the probable sentencing range or sentence that the defendant may receive, whether that estimate comes from the defendant's attorney, the government, or the probation office, is a prediction, not a promise, and is not binding on the government, the probation office or the court. The defendant understands further that any recommendation that the government makes to the court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the court and the court may disregard the recommendation in its entirety. The defendant understands and acknowledges, as previously acknowledged in paragraph 2 above, that the defendant may not withdraw his plea based upon the court's decision not to accept a sentencing recommendation made by the defendant, the government, or a recommendation made jointly by both the defendant and the government.

10. Defendant is additionally aware that Title 18, United States Code, Section 3742 normally affords a defendant the right to appeal the sentence imposed. Acknowledging this, in exchange for the concessions and considerations by the United States contained herein, defendant hereby waives all rights conferred by Title 18, United States Code, Section 3742 to appeal any sentence imposed, any restitution order, any order of forfeiture, or to appeal the manner in which the sentence was imposed. Defendant further understands that nothing in this agreement shall affect the Government's right and/or duty to appeal as set forth in 18 U.S.C. Section 3742(b). However, if the

4

United States appeals the defendant's sentence pursuant to Section 3742(b), the defendant shall be released from the above waiver of appellate rights. By signing this agreement, defendant acknowledges that it has discussed fully with its defense counsel this plea agreement and its consequences, including the various waivers set forth herein, and that defendant understands the nature and consequences of the plea agreement including the various waivers set forth herein. Defendant further agrees, together with the United States, to request that the Court enter a specific finding that the defendant's entry into this plea agreement, including the various waivers set forth herein, is both knowing and voluntary.

11. This is the entire agreement and understanding between the United States and defendant. There are no other agreements, promises, representations, or understandings.

Respectfully submitted,

WIFREDO A. FERRER
UNITED STATES ATTORNEY

Date: _____  By: _____
Thomas A. Watts-FitzGerald
Assistant States Attorney

Date: 8/16/10  By: _____
T. NEAL McALILEY, ESQ
ATTORNEY FOR DEFENDANT

Date: 8/16/10  By: _____
DOMINGO A. MOREIRA, President, for
PESCANOVA INC., d/b/a PESCANOVA USA,
DEFENDANT

5